# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 741 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Sentence imposed November 1, |
| | : | 1990 and re-imposed February 24, |
| v. | : | 1993, in the Court of Common |
| | : | Pleas, Philadelphia County, Criminal |
| | : | Division at No. CP-51-CR-0126101- |
| CRAIG MURPHY, | : | 1984.  (Nunc Pro Tunc rights |
| | : | reinstated on May 3, 2017.) |
| Appellant | : | |

## CONCURRING STATEMENT

**JUSTICE WECHT**                                    **DECIDED:  October 15, 2020**

In *Commonwealth v. Reid*, 235 A.3d 1124 (Pa. 2020), a majority of a special panel of this Court determined that the Supreme Court of the United States' decision in *Williams v. Pennsylvania*, ___ U.S. ___, 136 S.Ct. 1899 (2016), could not serve as a basis to establish timeliness for purposes of the Post Conviction Relief Act.  I joined the dissent in *Reid*, and I continue to believe that it correctly explained why Reid had properly established jurisdiction in the PCRA court.  This disagreement notwithstanding, *Reid* is now on the books.  Accordingly, I am constrained to join the Court's order to quash the instant appeal.